UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-97-KAJ |
| | : | |
| ROCHELLE USHERY, | : | |
| | : | |
| Defendant. | : | |

## MOTION TO SUPPRESS EVIDENCE

Defendant, Rochelle Ushery, by and through her counsel, Christopher S. Koyste, hereby moves the Court, pursuant to Federal Rule of Criminal Procedure 12(b) and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, to suppress any and all evidence obtained as a result of the statements made by Defendant.

In support of this motion Ms. Ushery submits the following:

**I.    FACTUAL SUMMARY**.

1. Ms. Ushery was being investigated by Special Agents of the Social Security Administration for allegedly committing Social Security benefit fraud in relation to her and her husbands benifits. Said investigators came to her home on August 1, 2005 and questioned Ms. Ushery in relation to duplicate checks that were mailed to her in 2001, 2002 and 2003.

2. According to the government's allegations, during the questioning Ms. Ushery admitted both orally and in writing to cashing $14,170.15 of duplicate Social Security checks. On September 5, 2006 Ms. Ushery was indicted for violating 18 U.S.C. Section 641.

3. Ms. Ushery was not informed of her Constitutional rights during the questioning of her by law enforcement.

## II.   MOTION TO SUPPRESS STATEMENTS AND ANY EVIDENCE DERIVED FROM THOSE STATEMENTS.

4. The Defense challenges the admissibility of any statements Ms. Ushery may have made after she was placed in the functional equivalent of custody. See <u>Stansbury v. California</u>, 511 U.S. 318, 322 (1994). Ms. Ushery asserts that the statements were obtained in violation of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and the Fifth and Sixth Amendments to the United States in that they were not the result of a knowing, intelligent and voluntary waiver of her right to remain silent and her right to counsel. See <u>Edwards v. Arizona,</u> 451 U.S. 477, 485 (1981); <u>Michigan v. Mosley</u>, 423 U.S. 96, 100-101 (1975); <u>Miranda</u>, 384 U.S., at 473-474. The United States bears the burden of proof to establish by a preponderance of the evidence whether Ms. Ushery made a knowing, voluntary and intelligent waiver of her <u>Miranda</u> rights. A trial court must make this determination considering the "totality of the circumstances." <u>Oregon v. Bradshaw</u>, 462 U.S. 1038, 1046 (1983)(quoting <u>Edwards v. Arizona</u>, 451 U.S. 476, 486 n. 9 (1981)). Ms. Ushery objects to any evidence that was later obtained based on the fruit of the poisonous tree doctrine. <u>Wong Sun v. United States</u>, 371 U.S. at 487-488.

## III.  ADDITIONAL PRE-TRIAL MOTIONS.

5. Ms. Ushery requests leave of Court to file additional motions as the circumstances require.

Wherefore, Ms. Ushery respectfully requests an evidentiary hearing on this motion and an opportunity to support this motion by briefing after the hearing. Thereafter, Ms. Ushery requests this Court to issue an order suppressing the noted evidence.

  /s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware  19801
Attorney for Rochelle Ushery

DATED: November 13, 2006

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that this Motion to Suppress Evidence is available for public viewing and downloading and was electronically delivered on November 13, 2006 to:

David Hall, Esq.
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, Delaware 19801

                                       /s/
CHRISTOPHER S. KOYSTE, ESQUIRE
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware 19801
Attorney for Rochelle Ushery