

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building                        (302) 573-6277
1007 Orange Street, Suite 700      FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

April 2, 2007

The Honorable Gregory M. Sleet
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

     **Re:**    **United States v. Rochelle Ushery**
             **Criminal Action No. 06-97-GMS**

Dear Judge Sleet:

    The defendant has agreed to waive Indictment and change her plea pursuant to the enclosed Memorandum of Plea Agreement and attached Superseding Information. An original, executed Memorandum will be submitted at the Change of Plea hearing, scheduled for 9:30 am on Tuesday, April 3, 2007.

               Respectfully submitted,

               COLM F. CONNOLLY
               United States Attorney

BY: _____

               Ilana H. Eisenstein
               Assistant United States Attorney

Enclosure

cc:    Eleni Kousoulis, Esq.
       Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 06-97-GMS |
| | ) | |
| ROCHELLE USHERY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its

attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Ilana H.

Eisenstein, Assistant United States Attorney, and the defendant, Rochelle Ushery, by and through

her attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the

respective parties:

1.      The defendant agrees to plead guilty to Count One of the Superseding

Information, which charges her with misdemeanor theft of government property, in violation of

Title 18, United States Code, Section 641.

2.      The maximum penalty for this offense is one year of imprisonment, one year of

supervised release, a $100,000 fine, restitution, and a $25 mandatory special assessment.

3.      The defendant understands that if there were a trial, the Government would have

to prove, with respect to Count I of the Indictment, each of the following elements of the offense

beyond a reasonable doubt: (1) the defendant knowingly and willfully, (2) embezzled, stole,

purloined, and converted to her own use, (3) a record, voucher, money, or thing of value, (4) of

the United States or any department or agency thereof.

4.      The defendant knowingly, voluntarily, and intelligently admits that from August,

2001, to May 2004, in the State and District of Delaware, she stole a total of $14,170.05 in funds of the Social Security Administration, an agency of the United States government, by falsely reporting Social Security Administration benefit checks as lost or stolen and then negotiating both the original checks and the replacement checks.

5.      Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate.

6.      The defendant agrees to pay a $25 special assessment at the time of sentencing. The defendant agrees to make full restitution to the Social Security Administration in the amount of $14,170.05.

7.      If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8.      The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained

within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

9.      It is further agreed by the undersigned parties that this Memorandum  supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney


_____        BY:    _____
Christopher Koyste, Esquire                          Ilana H. Eisenstein
Attorney for Defendant                               Assistant United States Attorney


_____
Rochelle Ushery
Defendant

Dated:


**AND NOW** this \_\_\_\_\_ day of _____, 2007, the foregoing

Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.


_____
Gregory M. Sleet, United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,              )
                                       )
                    Plaintiff,         )
         v.                            )         Criminal Action No. 06-97-GMS
                                       )
ROCHELLE USHERY,                       )
                                       )
                    Defendant.         )

## SUPERSEDING INFORMATION

The United States Attorney for the District of Delaware charges that:

## COUNT I

From in or about August, 2001, to in or about May 2004, in the State and District of

Delaware, ROCHELLE USHERY, defendant herein, did knowingly and willfully embezzle,

steal, purloin, and covert to her own use, money, of the Social Security Administration, an

agency and department of the United States, by repeatedly double negotiating benefit checks, in

violation of Title 18, United States Code, Section 641.


                              COLM F. CONNOLLY
                              United States Attorney


                    By:      _____
                              Ilana H. Eisenstein
                              Assistant United States Attorney

Dated: April 3, 2007